**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

February 23, 2024

**BY CM/ECF**

| | |
|---|---|
| The Honorable J. Paul Oetken | The Honorable Vernon S. Broderick |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| Thurgood Marshall U.S. Courthouse | Thurgood Marshall U.S. Courthouse |
| 40 Foley Square, Room 2101 | 40 Foley Square, Room 415 |
| New York, NY 10007 | New York, NY 10007 |

Re: *Forrest v. Trustees of Columbia University*, No. 1:24-cv-01034-JPO (S.D.N.Y.) ("*Forrest*"), and *Students Against Antisemitism, Inc. v. Trustees of Columbia University*, No. 1:24-cv-01306-VSB (S.D.N.Y.) ("*SAA*")

Dear Judges Oetken and Broderick:

     We write on behalf of the Trustees of Columbia University in the City of New York ("Columbia"), a defendant in the two above-captioned cases, each of which was filed against Columbia in the last two weeks, to explain why these cases should be designated as related under the Local Rules of this Court and be assigned to the same judge. *See* L.R. 1.6(a); R. 13(b)(3), Rules for the Division of Business Among District Judges, Southern District of New York ("Rules for the Division of Business"). Because these Rules contemplate that subsequently filed related cases should be transferred to the judge presiding over the first-filed case (here, *Forrest*), *see* R. 13(b)(2)–(3), Rules for the Division of Business, we respectfully request that *SAA*, currently before Judge Broderick, be assigned to Judge Oetken as well.

     The complaint in *Forrest* was filed last week, on February 12, 2024, *see Forrest*, ECF 1, while the complaint in *SAA* was filed two days ago, February 21, 2024, *see SAA*, ECF 1. Although the two complaints assert similar claims, against a common defendant, arising out of similar allegations of antisemitic activity on Columbia's campus, the civil cover sheet in *SAA* erroneously did not identify the two cases as related.[1] *See SAA*, ECF 2.

     While Columbia filed a Statement of Relatedness in *SAA*, identifying several reasons why *SAA* should be treated as related to *Forrest*, *see SAA*, ECF 14, just minutes after the Statement of Relatedness was filed yesterday afternoon, *SAA* was assigned to Judge Broderick. *See SAA* Docket. The Clerk's Office has advised us that it did not have an opportunity to review the Statement of Relatedness before making the assignment of *SAA* to Judge Broderick.

---

[1] The SDNY Civil Cover Sheet specifically asks plaintiffs whether they claim their case "is related to a civil case now pending in S.D.N.Y. as defined by Local Rule for Division of Business 13." *See SSA*, ECF 2.

KAPLAN HECKER & FINK LLP                                                                 2

As Your Honors are aware, the applicable standards with respect to related cases are familiar and clear. To determine whether cases are related, a court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)–(D), Rules for the Division of Business. Counsel appearing in any civil or criminal case have a "continuing duty" to bring to the Court's attention "all facts which said attorney believes are relevant to a determination" of relatedness and "shall notify the Judges to whom the cases have been assigned." L.R. 1.6(a).

The two above-referenced cases fit this standard almost perfectly. Specifically, both cases: (1) name Columbia as a defendant; (2) concern Columbia's response to allegedly antisemitic conduct on campus following Hamas's October 7, 2023 attack on Israel; (3) are brought by Columbia students who claim to have been subjected to such conduct; and (4) assert nearly identical causes of action. While the complaint in *Forrest* is significantly shorter (36 pages as compared to 114 pages), that is because it focuses on one student's claimed experience with antisemitism at Columbia. Nevertheless, the factual allegations in both complaints overlap substantially—including, in particular, with respect to Columbia's School of Social Work ("CSSW"), where the plaintiff in *Forrest* is enrolled. *Compare Forrest*, ECF 1, ¶¶ 27–35, 42–48, 77–87, 119–161 (alleging plaintiff experienced antisemitic conduct while a CSSW student), and *id.* ¶¶ 88–118 (alleging the existence of a hostile environment for Jewish students on Columbia's campus), *with SSA*, ECF 1, ¶¶ 256–305 (alleging individual plaintiffs and members of organizational plaintiffs, among them three CSSW students, experienced antisemitic conduct), and *id.* ¶¶ 105–235 (alleging the existence of a hostile environment for Jewish and Israeli students on Columbia's campus).

In addition, both *Forrest* and *SAA* assert identical causes of action—specifically, purported violations of Title VI of the Civil Rights Act of 1964, the New York Human Rights Law, the New York Civil Rights Law § 40-c, and the New York General Business Law. *Compare Forrest*, ECF 1, ¶¶ 181–210, 218–230, *with SSA*, ECF 1, ¶¶ 311–362, 385–393. Both cases also assert claims for breach of contract based on Columbia's alleged failure to comply with the same set of anti-discrimination policies. *Compare Forrest*, ECF 1, ¶¶ 211–217 (alleging breach of contract based on Columbia's alleged violations of its "publications, rules, regulations, codes, and procedures," *id.* ¶ 213), *with SSA*, ECF 1, ¶¶ 375–384 (alleging breach of contract based on Columbia's alleged violations of its "codes, policies, and procedures," *id.* ¶ 376). But that is not all—both cases seek similar, if not identical, forms of monetary and injunctive relief. *Compare Forrest*, ECF 1 at 35–36 (seeking to enjoin Columbia from, *inter alia*, "establishing, implementing, instituting, maintaining, or executing policies, practices, procedures or protocols that penalize or discriminate" against Jewish students as well as monetary damages, attorneys' fees, interest, and other relief), *with SSA*, ECF 1 at 113–14 (same).

In sum, *Forrest* and *SAA* involve significant factual overlap and substantially similar parties and claims, requiring the adjudication of similar questions of fact and law. *See* R. 13(a)(1)(A)–(B), Rules for the Division of Business. Moreover, allowing the cases to proceed separately would almost certainly result in a substantial duplication of effort and expense for the Court, the parties, and any witnesses, and would likewise raise a serious risk of subjecting Columbia to conflicting orders. *See* R. 13(a)(1)(C)–(D), Rules for the Division of Business. Because *Forrest* and *SAA* are directly related to one another, transferring *SAA* to Judge Oetken will better serve the interests of justice and efficiency. *See* R. 13(a), Rules for the Division of

KAPLAN HECKER & FINK LLP

3

Business. For the foregoing reasons, Columbia respectfully requests that *SAA* (the later filed case) be designated as related to *Forrest* (the earlier filed case) and transferred to Judge Oetken.

Respectfully submitted,

Roberta A. Kaplan