# KASOWITZ BENSON TORRES LLP

Marc E. Kasowitz
Direct Dial: (212) 506-1710
Direct Fax: (212) 835-5010
MKasowitz@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

<u>VIA ECF</u>                                                                                          February 26, 2024

The Honorable J. Paul Oetken                    The Honorable Vernon S. Broderick
United States District Court                          United States District Court
Southern District of New York                     Southern District of New York
40 Foley Square, Room 2101                     40 Foley Square, Room 415
New York, New York 10007                       New York, New York 10007

Re:  *Students Against Antisemitism, Inc., et al. v. Trustees of Columbia Univ., et al.*, No. 1:24-cv-01306-VSB (S.D.N.Y.) ("*SAA*")
*Forrest v. Trustees of Columbia Univ.*, No. 1:24-cv-01034-JPO (S.D.N.Y.) ("*Forrest*")

Dear Judge Oetken and Judge Broderick:

We represent the plaintiffs in the *SAA* action and write in opposition to the February 23, 2023 letter to Your Honors from defendant the Trustees of Columbia University in the City of New York ("Columbia") in which Columbia requests that the *SAA* action be designated as related to the *Forrest* action and re-assigned to Judge Oetken.

In the *SAA* action, the plaintiffs—five individual students and two organizations whose members include ten students—assert hostile educational environment and other claims against Columbia and Barnard College arising from numerous antisemitic incidents affecting those fifteen students, as well as the broader Jewish community at Columbia and Barnard, in numerous of Columbia's constituent schools over an extended period of time.  By contrast, in the *Forrest* action, one student in one of Columbia's constituent schools (the School of Social Work) asserts discrimination and retaliation claims against Columbia and three individual Columbia administrators arising from three antisemitic incidents directed uniquely against the plaintiff over a much narrower time period.[1]

The actions therefore do not appear to meet the standard for relatedness under Local Rule 13 of the Rules for the Division of Business Among District Judges.[2]  The actions do not "concern the same or substantially similar parties, property, transactions, or events," and there is no "substantial factual overlap" between the two actions.  S.D.N.Y. Div. Bus. R. 13(a)(1).  Under these circumstances, moreover, there is no risk that the "parties could be subjected to conflicting

---

[1] *See* Complaint, *Forrest*, ECF 1 at ¶¶ 58-61, 77-87, 124.  These three incidents are not alleged in the *SAA* complaint.

[2] In its letter, Columbia asserts that the civil cover sheet in *SAA* "erroneously did not identify the two cases as related"—but, as outlined herein, they are not related.

The Honorable J. Paul Oetken
The Honorable Vernon S. Broderick
February 26, 2024
Page 2

orders" or that "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." *Id.*

The only overlap between the actions is that the plaintiffs in both assert civil rights claims under federal, state, and local laws arising from antisemitic discrimination. However, if anything, that would appear to militate against a determination of relatedness, given the "desirability of enriching the development of the law by having a plurality of judges examine in the first instance common questions of law." Committee Note to Local Rule 13.

Accordingly, the *SAA* plaintiffs respectfully request that Columbia's request be denied.

Respectfully,

Marc E. Kasowitz