**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

April 29, 2024

**BY CM/ECF**

| | |
|---|---|
| The Honorable Margaret M. Garnett<br>United States District Court<br>Southern District of New York<br>40 Foley Square, Room 2102<br>New York, NY 10007 | The Honorable Jesse M. Furman<br>United States District Court<br>Southern District of New York<br>40 Centre Street, Room 2202<br>New York, NY 10007 |
| The Honorable Vernon S. Broderick<br>United States District Court<br>Southern District of New York<br>40 Foley Square, Room 415<br>New York, NY 10007 | The Honorable Analisa Torres<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Room 2210<br>New York, NY 10007 |

Re: *Mackenzie Forrest v. Trustees of Columbia University in the City of New York, et al.*, No. 1:24-cv-01034 (MMG) (SN) (S.D.N.Y); *Students Against Antisemitism, Inc. et al. v. The Trustees of Columbia University in the City of New York et al.*, No. 1:24-cv-01306 (VB) (S.D.N.Y); *John Doe v. Columbia University*, No. 1:24-cv-02870 (JMF) (S.D.N.Y); *C.S. v. The Trustees of Columbia University in the City of New York*, No. 1:24-cv-03232 (AT) (S.D.N.Y.)

Dear Judges Garnett, Broderick, Furman, and Torres:

We write on behalf of the Trustees of Columbia University in the City of New York ("Columbia"), a defendant in each of these four cases, *Mackenzie Forrest v. Trustees of Columbia University in the City of New York et al.*, No. 1:24-cv-01034 (MMG) (SN) (S.D.N.Y) ("*Forrest*"); *Students Against Antisemitism, Inc. et al. v. The Trustees of Columbia University in the City of New York et al.*, No. 1:24-cv-01306 (VB) (S.D.N.Y) ("*SAA*"); *John Doe v. Columbia University*, No. 1:24-cv-02870 (JMF) (S.D.N.Y) ("*Doe*"); *C.S. v. The Trustees of Columbia University in the City of New York*, No. 1:24-cv-03232 (AT) (S.D.N.Y.) ("*C.S.*"), to respectfully request that these cases be designated as related under the Local Rules of this Court and assigned to the same judge, *see* L.R. 1.6(a); R. 13(b)(3), Rules for the Division of Business Among District Judges, Southern District of New York ("Rules for the Division of Business"), and that Judges Garnett and Broderick reconsider their orders dated February 28, 2028 previously denying a similar request. *Forrest*, ECF No. 13; *SAA*, ECF No. 20.

**KAPLAN HECKER & FINK LLP**

2

      To determine whether cases are related, a court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)-(D), Rules for the Division of Business. Counsel appearing in any civil or criminal case have a "continuing duty" to bring to the Court's attention "all facts which said attorney believes are relevant to a determination" of relatedness and "shall notify the Judges to whom the cases have been assigned." L.R. 1.6(a).

      Judges Garnett and Broderick denied an earlier request to designate *Forrest* and *SAA* as related, while referring both cases to Magistrate Judge Netburn to "coordinate all scheduling and management of discovery in both cases." *Forrest*, ECF No. 13; *SAA*, ECF No. 20.[1] Columbia respectfully submits that the subsequent filing of the complaints in *Doe*, on April 16, 2024, and in *C.S.*, on April 29, 2024—both of which assert similar claims against Columbia on behalf of Jewish students, arising out of allegations of antisemitic activity on Columbia's campus and/or violations of Columbia's policies, and Columbia's response to that conduct, *see* R. 13(a)(1)(A)-(B), Rules for the Division of Business—underscores that designation of each of these cases as related would result in substantial efficiencies for the Court and the parties, and avoid unnecessary "duplication of effort and expense, delay, or undue burden on the court, parties or witnesses" or a risk that Columbia be subjected to conflicting orders, R. 13(a)(1)(C)-(D), Rules for the Division of Business.[2]

      In short, designating these cases as related so that they may be presided over by a single judge will better serve "the interests of justice and efficiency." *See* R. 13(a), Rules for the Division of Business. For the foregoing reasons, Columbia respectfully requests that *SAA*, *Doe*, and *C.S.* (the later-filed cases) all be designated as related to *Forrest* (the earlier-filed case) and transferred to a single district judge. In the alternative, Columbia respectfully requests that Magistrate Judge Netburn be designated as the assigned magistrate judge in *Doe* and in *C.S.*

Respectfully submitted,

Roberta A. Kaplan

cc: The Honorable Magistrate Judge Sarah Netburn

---

[1] Columbia's February 23, 2024 letter requesting that *Forrest* and *SAA* be designated as related is attached as Exhibit 1. *Forrest*, ECF No. 10; *SAA*, ECF No. 17. The *SAA* plaintiffs' February 26, 2024 letter in opposition is attached as Exhibit 2. *Forrest*, ECF No. 11; *SAA*, ECF No. 18. Columbia's February 26, 2024 reply is attached as Exhibit 3. *Forrest*, ECF No. 12; *SAA*, ECF No. 19. Judge Garnett's February 28, 2024 order in *Forrest* and Judge Broderick's February 28, 2024 order in *SAA* are attached as Exhibits 4 and 5, respectively. *Forrest*, ECF No. 13; *SAA*, ECF No. 20.

[2] While the complaint in *C.S.*, filed earlier today, contains some allegations post-dating the filing of the complaints in *Forrest*, *SAA*, and *Doe*, counsel understands that Plaintiffs in *SAA* intend to file an amended complaint.