# KASOWITZ BENSON TORRES LLP

1633 BROADWAY<br>
NEW YORK, NEW YORK 10019<br>
(212) 506-1700<br>
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

**VIA ECF**                                                                                    May 1, 2024

The Honorable Margaret M. Garnett                    The Honorable Jesse M. Furman
United States District Court                                  United States District Court
Southern District of New York                            Southern District of New York
40 Foley Square, Room 2102                              40 Foley Square, Room 2202
New York, New York 10007                              New York, New York 10007

The Honorable Vernon S. Broderick                    The Honorable Analisa N. Torres
United States District Court                                  United States District Court
Southern District of New York                            Southern District of New York
40 Foley Square, Room 415                                40 Foley Square, Room 2210
New York, New York 10007                              New York, New York 10007

Re:     *Students Against Antisemitism, Inc., et al. v. Trustees of Columbia Univ., et al.*,
          No. 1:24-cv-01306-VSB (S.D.N.Y.) ("*SAA*")
          *Forrest v. Trustees of Columbia Univ., et al.*
          No. 1:24-cv-01034-JPO (S.D.N.Y.) ("*Forrest*")
          *John Doe v. Columbia*,
          No. 1:24-cv-02870-JMF (S.D.N.Y.) ("*Doe*")
          *C.S. v. The Trustees of Columbia University in the City of New York*,
          No. 1:24-cv-03232-ANT (S.D.N.Y.) ("*C.S.*")

Dear Judges Garnett, Broderick, Furman, and Torres:

We represent the plaintiffs in the *SAA* action and write in opposition to the April 29, 2024 letter ("Apr. 29 Letter") to Your Honors from defendant the Trustees of Columbia University in the city of New York ("Columbia").

Columbia requests that the *SAA*, *Forrest*, *Doe*, and *C.S.* actions be designated as related and that Judges Garnett and Broderick reconsider[1] their orders dated February 28, 2024 previously denying a similar request. Apr. 29 Letter Exs. 4, 5. Failing to comply with the proper procedure for moving for reconsideration, *see* L. Civ. R. 6.3, Columbia seeks "to relitigate an

---

[1] This decision, to reject a request for relatedness, was "solely in the judge's discretion," *Kumaran v. Vision Fin. Markets, LLC*, 2022 WL 17540669, at *5 n.3 (S.D.N.Y. Dec. 6, 2022) (citation omitted), and Columbia has pointed to no "controlling decisions or data that the court overlooked," or anything at all "that might reasonably be expected to alter the conclusion reached by the court," *Taylor v. City of New York*, 2024 WL 1574924, at *1 (S.D.N.Y. Mar. 5, 2024) (citation omitted).

The Honorable Margaret M. Garnett
The Honorable Vernon S. Broderick
The Honorable Jesse M. Furman
The Honorable Analisa N. Torres
May 1, 2024
Page 2

already decided issue," *Taylor*, 2024 WL 1574924, at *1 (citation omitted). However, "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Id.* (citation omitted).

For the reasons stated in the *SAA* plaintiffs' opposition to Columbia's earlier request, *see* Apr. 29 Letter Ex. 2, and in the previous orders issued by Judges Garnett and Broderick, *see* Apr. 29 Letter Exs. 4, 5, Columbia's request to designate the four actions should likewise be denied. The four actions do not meet the standard for relatedness under Rule 13 of the Rules for the Division of Business Among District Judges. The actions do not "concern the same or substantially similar parties, property, transactions, or events," and there is no "substantial factual overlap" between them. S.D.N.Y. Div. Bus. R. 13(a)(1). In *Doe*, a single plaintiff alleges biases in misconduct proceedings against him. *C.S.* is a putative class action asserting a breach of contract claim on behalf of a purported class consisting of "all students," not civil rights claims under federal, state, and local laws arising from antisemitic discrimination.

Under these circumstances, there is no risk that the "parties could be subjected to conflicting orders" or that "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." *Id.*

Accordingly, the *SAA* plaintiffs respectfully request that Columbia's request be denied.

Respectfully,

Marc E. Kasowitz