## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                     :

STUDENTS AGAINST ANTISEMITISM,   :   Case No. 1:24-cv-01306-VSB-SN
INC., STANDWITHUS CENTER FOR   :
LEGAL JUSTICE, MILES RUBIN,   :
DANIELLA SYMONDS, ERIN   :
MCNULTY, NOAH MILLER, VALERIE   :
GERSTEIN, KATIANA ARYEH, LAURA   :
BELLOWS, LEMONY DAVID, JOHN   :
DOE, CHAYA DROZNIK, LEO ELKINS,   :
SAMUEL FRIEDMAN, MAYA GAL,   :
AYELET GLASER, MICHAEL GROSS,   :
JARED HARNICK, GABRIEL KAHANE,   :
TALIA KESSELMAN, ELI MIZRAHI-AKS,   :
OMER NAUER, AMIEL NELSON,   :
GABRIEL NELSON, MOLLY NELSON,   :
MARC NOCK, AVA QUINN, TALIA   :
RABBAN, JANE ROE, SOPHIE   :
RUKEYSER, ALIZA RUTTENBERG,   :
EMILY SANDLER, ANDREW STEIN,   :
JONATHAN SWILL, RAFAEL VANUNO,   :
XAVIER WESTERGAARD, EDEN   :
YADEGAR, and LILY ZUCKERMAN,   :
                                     :

                Plaintiffs,   :
                                     :

    -against-   :
                                       :

THE TRUSTEES OF COLUMBIA   :
UNIVERSITY IN THE CITY OF NEW   :
YORK, and BARNARD COLLEGE,   :
                                       :

                Defendants.   :
                                       :
------------------------------------------------------- X

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS JOHN DOE AND JANE ROE'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

Plaintiffs "John Doe" ("Doe") and "Jane Roe" ("Roe") respectfully submit this

memorandum of law in support of their motion for leave to proceed under pseudonyms, and request

that the Court seal any of Doe and Roe's identifying information contained in the Amended Complaint and any future filings in the above-captioned action.

## PRELIMINARY STATEMENT

Doe and Roe's allegations implicate sensitive and personal matters that put them at risk of retribution and harm, including harms Doe and Roe have already experienced and seek to remedy through this lawsuit.  There is no substantial public interest in disclosure of Doe and Roe's identities, and there is no prejudice to the Defendants, Columbia University and Barnard College, if Doe and Roe proceed under pseudonyms.  Plaintiffs' motion should therefore be granted.[1]

## FACTS

Paragraphs 130, 148, 245, 260, 272, 321, 331, 334, 340, 355, 376, 390, and 489–94 of the Amended Complaint, Dkt. 39 ("AC"), set forth the relevant facts with respect to Doe, and paragraphs 171, 320, and 558–60 of the Amended Complaint set forth the relevant facts with respect to Roe.

## ARGUMENT

### I.    Legal Standard

A plaintiff may proceed under a pseudonym where the need for anonymity outweighs any prejudice to the Defendants and any public interest in the plaintiff's identity.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  While *Sealed Plaintiff* lists ten factors the Court may consider in deciding the issue,[2] the Court is "not required to list each of the factors or

---

[1]  Should the Court so request, Plaintiffs' counsel is willing to provide the Court with an unredacted version of the First Amended Complaint or declarations under seal that contain the true identities of Doe and Roe.

[2]  The factors include whether: the litigation involves matters that are highly sensitive and of a personal nature; identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; identification presents other harms and the likely severity of those harms; the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age; the suit is challenging the actions of the government or that of private parties; the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; the plaintiff's identity has thus far

use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. Here, all of the relevant factors militate strongly in favor of allowing Doe and Roe to proceed under pseudonyms.

## II.   The Relevant Factors Militate Strongly in Favor of Granting the Motion

### A.   John Doe and Jane Roe's Allegations are "Highly Sensitive and of a Personal Nature."

As Judge Preska recently held, in a similar action alleging a hostile educational environment at a university, allegations of "specific incidents of antisemitic harassment . . . are undoubtedly 'sensitive and personal' in light of [a student's] apparent fear of retaliation as an 'easily identifiable' 'ethnic and religious Jew.'" *Ingber v. New York Univ.*, 2024 WL 2046106, at *1 (S.D.N.Y. May 7, 2024) (quoting *Doe v. New York Univ.*, 2023 WL 2609315, at *2 (S.D.N.Y. Mar. 22, 2023)); *see also Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *4 (N.D.N.Y. Sept. 10, 2018) (allowing plaintiffs to proceed under pseudonyms where plaintiffs' claims "implicate[d] the highly sensitive and personal matter[] of . . . anti-Semitism"), *report and recommendation adopted*, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020).

John Doe, a visibly religious Jew who wears a kippah, has faced repeated antisemitic verbal abuse, threats, discrimination, and harassment by classmates and others. *See, e.g.*, AC ¶¶ 130, 148, 245, 260, 321, 334, 340, 376, 390, 491–92. Jane Roe, a religious Jew, was physically assaulted in an antisemitic attack on Columbia's campus because she was wearing her Chai necklace and other Jewish jewelry—which she has since removed. *Id.* ¶¶ 320, 558. Factor one therefore weighs strongly in favor of granting this motion.

---

been kept confidential; the public's interest in the litigation is furthered by requiring the plaintiff to disclose his [or her] identity; because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 190.

B. **Identification Would Pose a High Risk of Retaliatory Physical or Mental Harm to John Doe, Jane Roe, and Non-Parties.**

Plaintiffs easily satisfy the second *Sealed Plaintiff* factor, as their identification poses a serious risk of retaliatory physical and mental harm. This is shown both by the harassment and retaliation they have already experienced as well as this unprecedented climate of antisemitism. As a result of merely expressing his Jewish identity and speaking out against antisemitism, Doe experienced retaliation from professors, AC ¶¶ 331, 490–91 and was followed by an unknown individual following a media appearance, *id.* ¶ 390. This retaliatory harassment caused him to suffer severe emotional distress and fear for his physical safety, such that he could not stay on campus. *Id.* ¶¶ 130, 493–94. Roe is the victim of a bias-motivated assault that resulted in bodily injury and caused her to fear for her physical safety and emotional well-being. *Id.* ¶¶ 320, 558. These fears caused Roe to avoid Columbia and Barnard's campus and conceal her Jewish identity. *Id.* In fact, since the assault, Roe has not gone to campus, Chabad, Hillel, or supermarkets in the area surrounding campus by herself. *Id.* ¶ 320. Moreover, Roe was threatened with severe academic consequences for her religious beliefs. *Id.* ¶ 560; *see Syracuse Univ.*, 2018 WL 7079489, at *5 (denying defendant's motion to compel disclosure of plaintiffs' identities where plaintiffs and members of their fraternity had already "experienced physical and verbal assaults, as well as threats of physical assault, based solely upon their affiliation with the fraternity, and have suffered extreme emotional distress"). The "stigma associated" with being openly Jewish and Zionist and combating campus antisemitism in a public forum such as this lawsuit would exacerbate this harassment and likely "lead to physical and mental harms and threats greater than those already experienced" by Doe and Roe. *Id.*

For this reason, that Doe has previously spoken with the media should not reduce his privacy interest. Though some potential harassers at Columbia are aware of Doe's identity,

requiring his name to be publicly filed along with his allegations would further expose him to widespread harm from the public at large. *See Doe v. Del Rio*, 241 F.R.D. 154, 158, n.7 (S.D.N.Y. 2006) ("[I]f the risk of retaliation or harassment relates to the public at large, defendants' knowledge of plaintiff's identity would not necessarily negate the protective effect of ordering that the name be concealed from the general public."). Roe has not spoken publicly about her allegations, and her identity has thus far been kept confidential from the public.

There is also a "legitimate concern" that others affiliated with Doe and Roe will experience retaliatory physical and verbal harassment "based solely upon their affiliation with" them. *Id*. Accordingly, factors two and three strongly favor granting the motion, and factor seven does not weigh against it.

C. <u>John Doe and Jane Roe Are Particularly Vulnerable to the Harms of Disclosure.</u>

John Doe is a nineteen-year-old who just finished his freshman year of college, who has a target on his back and has experienced several incidents of explicit antisemitic harassment—far more than anybody, but especially someone of his age, should be forced to endure. Given the particular focus he has drawn from antisemitic agitators on Columbia's campus, the Court should not allow his identity to be exposed, which would expose him to further retaliation.

Because of the assault and other events on campus, including the encampment, Roe experienced frequent panic attacks. She is particularly vulnerable to further harassment and to retaliation should her allegations, which include accusations against students, faculty members, and her college, AC ¶¶ 320, 558–60—as well as her efforts to vindicate her civil rights through this lawsuit—be disclosed. *See Doe v. New York Univ.*, 537 F. Supp. 3d 483, 496–97 (S.D.N.Y. 2021) ("Doe is 19 years old and in her first year of college, and though she of course made the decision to bring this lawsuit, the Court sees no reason to expose her to potential online

retaliation . . . given her stated career goals, plaintiff represents that revealing her identity in a lawsuit pertaining to her violations of COVID-19 protocols could impede her progress.").

If Doe and Roe were required to reveal their names, the public's ability to access their identities may cause physical, reputational, professional, and economic harm.  Given the virulent, pervasive antisemitism that permeates Columbia, Barnard, and New York City, this risk is particularly acute.  Factor four weighs strongly in favor of granting the motion.

D.  Although Columbia and Barnard Are Not Governmental Entities, they Serve an Important Public Function and There is a Public Interest in Vindicating John Doe and Jane Roe's Rights Against Them.

When a defendant organization is not a governmental entity but "is organized solely to perform an important, public service," and the allegations against it "affect[] a larger association rather than the interest of an individual plaintiff," this factor favors a plaintiff's ability to proceed under a pseudonym.  *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).  Columbia and Barnard serve an important public service and the instant allegations affect a large segment of the Columbia and Barnard community.  Accordingly, factor five favors granting the motion.

E.  Columbia and Barnard Will Not Be Prejudiced by Allowing John Doe and Jane Roe to Proceed Under Pseudonyms.

In analyzing whether proceeding under a pseudonym would prejudice a defendant, courts examine "the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner."  *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003).

Because Columbia and Barnard are "not [] ordinary private part[ies] with interests relating solely to [their] personal life and business reputation[s]—rather, [Columbia and Barnard] [are] organized solely to perform an important, public service," *id.*, the Court need not credit alleged prejudice to a defendant's reputation*, id*.  And even if the Court did credit alleged harm to

Columbia and Barnard's reputations, Defendants "will have a public forum to defend the charges . . . since the [] other plaintiffs . . . have publicly disclosed their identities." *Kolko*, 242 F.R.D. at 196.

Second, "[o]ther than the need to make redactions and take measures not to disclose plaintiff[s'] identity, defendants will not be hampered or inconvenienced merely by plaintiff[s'] anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Because Doe and Roe reported the antisemitic incidents described in the Amended Complaint, Columbia and Barnard are aware of Doe and Roe's identities,[3] and will not be prejudiced if they are afforded the protection of the pseudonym. *See Doe v. Townes*, 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020) ("Defendant, because he knows Plaintiff's name, is not greatly prejudiced in his ability to conduct discovery.").

Because any prejudice to Defendants would be minimal and is far outweighed by Doe and Roe's interest in anonymity, factor six weighs strongly in favor of granting the motion.

F. There is a Weak Public Interest in Knowing John Doe and Jane Roe's Identities, and the Public Interest in the Case Would Not Be Furthered by Disclosure.

The public interest in this case is in the gravamen of the allegations in the aggregate—Defendants' deliberate indifference to widespread severe and pervasive antisemitic harassment and discrimination that has affected all Plaintiffs, and countless other students, faculty, and members of Columbia and Barnard's Jewish and Israeli communities. "[A]lthough the public has an interest in this litigation, that does not necessarily mean that the public has a similarly strong interest in learning the identities of all the individuals involved." *Doe v. Niagara Univ.*, 2024 WL 1363676, at *2 (W.D.N.Y. Apr. 1, 2024). Protecting Doe and Roe's identities would not materially

---

[3] If the Court grants this motion, plaintiffs' counsel intends to meet and confer with Columbia and Barnard's counsel on who is permitted to know Doe and Roe's identities during various stages of the case.

hamper the public's ability to follow this action generally.  Thus, factors eight and nine favor granting this motion.

G.  <u>There Are No Better Alternatives to Protect John Doe and Jane Roe's Identities.</u>

Finally, there are no reasonable alternatives which both allow Doe and Roe to personally participate in this lawsuit while avoiding the harassment and retaliation they fear.  The tenth factor weighs in favor of granting the motion.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the motion of plaintiffs John Doe and Jane Roe to proceed under pseudonyms should be granted, and the Court should seal any of Doe and Roe's identifying information contained in the Amended Complaint.

Dated:   June 17, 2024
New York, New York

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By:___*/s/ Marc E. Kasowitz*_____
Marc E. Kasowitz
Daniel R. Benson
Mark P. Ressler
Andrew L. Schwartz
Joshua E. Roberts
Jillian R. Roffer
Brittany F. Alzfan
Zachary N. Josephs
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700

*Attorneys for Plaintiffs*