# Kaplan Martin

Kaplan Martin LLP
156 West 56th Street, Suite 207
New York, NY 10019

(212) 316-9500
rkaplan@kaplanmartin.com

November 25, 2024

**Via ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

    Re:    *Students Against Antisemitism, Inc., et al. v. Trustees of Columbia University in the City of New York, et al.*, No. 1:24-cv-01306-VSB-SN (S.D.N.Y.)

Dear Judge Broderick:

    I write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia") to briefly respond to Plaintiffs' letter dated November 14, 2024 (ECF No. 80) regarding the report published by the Committee on Education and the Workforce of the U.S. House of Representatives on October 31, 2024 entitled "Antisemitism on College Campuses Exposed" (the "House Report").

    It is a black letter law that materials outside a complaint, like the House Report here, cannot be considered by a court in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a rule that is "strictly enforced." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(d); *e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (district court erred in considering collective bargaining agreement drafts not referenced in complaint). The mere fact that the House Report is a public record capable of judicial notice in certain circumstances and for certain purposes (Letter at 1 n.1) is of no moment here since "on a motion to dismiss," such documents are noticeable on a 12(b)(6) motion "only to establish the existence" of the document, and "not for the truth of the facts asserted" therein. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

    Respectfully submitted,

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan

cc:    All parties (via ECF)