# Kasowitz Benson Torres LLP

Marc E. Kasowitz
Direct Dial: (212) 506-1710
Direct Fax: (212) 835-5010
MKasowitz@kasowitz.com

1633 Broadway
New York, New York 10019
(212) 506-1700
Fax: (212) 506-1800

Atlanta
Houston
Los Angeles
Miami
Newark
San Francisco
Silicon Valley
Washington DC

**VIA ECF**  January 17, 2025

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

    Re:    *Students Against Antisemitism, Inc., et al. v. Trustees of Columbia Univ., et al.*,
            No. 1:24-cv-01306-VSB-SN (S.D.N.Y.)

Dear Judge Broderick:

    We write on behalf of Plaintiffs in response to the letters filed by Defendants Trustees of Columbia University in the City of New York and Barnard College on January 7 and 8, 2025 (ECF Nos. 90 and 91, respectively).

    Columbia and Barnard both assert that the claims dismissed in *Landau v. Corporation of Haverford College*, 2025 WL 35469 (E.D. Pa. Jan. 6, 2025) were "similar" to Plaintiffs' claims here. ECF No. 90 at 1; ECF No. 91 at 2. That is not so—the dismissal in *Haverford* was based on deficiencies the court found in the complaint that plainly are not present in the complaint here. For example, the *Haverford* court held that the plaintiffs there failed to sufficiently plead that the defendant was on notice of the antisemitic incidents alleged in the complaint. *See, e.g.*, *Haverford*, 2025 WL 35469, at *6 ("Of the 430 paragraphs in the Complaint, only twice do Plaintiffs plead that someone put administrators on notice of allegedly discriminatory conduct[.]"). By contrast, Plaintiffs' complaint here alleges in detail the dozens of times Columbia and Barnard were put on notice of antisemitic incidents. *See* ECF No. 72 at 15-16.

    Likewise, in *Haverford*, 2025 WL 35469, at *9, the court dismissed the breach of contract claim distinguishing it from the claim upheld in *Kestenbaum v. President & Fellows of Harvard College*, 2024 WL 3658793 (D. Mass. Aug. 6, 2024). However, we also represent plaintiffs in *Harvard* and drafted both the breach of contract claim upheld in *Harvard* and the breach of contract claim here—they largely mirror each other. *Compare* the claim here, ECF No. 39 at Count V, *with* Sec. Am. Compl. at Counts II and III, ECF No. 63, *Kestenbaum v. President & Fellows of Harvard Coll.*, Case No. 1:24-cv-10092 (D. Mass. May 28, 2024).[1] The *Haverford* court recognized that "a college non-discrimination policy *can* constitute a contractual obligation" where, as here, the pleadings are specific enough. 2025 WL 35469, at *9-10 ("Kestenbaum's pleadings were far more specific as to how the precise policy at issue was allegedly breached . . . in stark contrast, [the

---

[1] A copy of the *Harvard* complaint is attached hereto as Exhibit A.

The Honorable Vernon S. Broderick
January 17, 2025
Page 2

*Haverford*] Plaintiffs summarily refer to their multiple allegations of discrimination and deem that sufficient to establish a breach of the antidiscrimination policy.").[2]

Respectfully,

*[signature]*

Marc E. Kasowitz

---

[2] Like Defendants' citation to *Haverford*, Defendants' reliance on a recent order in *Yakoby v. Trustees of the University of Pennsylvania*, Case No. 2:23-cv-04789 (E.D. Pa.) is unavailing. There, the court merely granted a "brief delay" in discovery pending its decision on the defendant's motion to dismiss, which could narrow the issues. *See* Order, ECF No. 64, *Yakoby v. Trs. of the Univ. of Penn.*, Case No. 2:23-cv-04789 (E.D. Pa. Jan. 3, 2025).