

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

October 23, 2025

**VIA CM/ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Students Against Antisemitism, Inc., et al. v. The Trustees of Columbia University in the City of New York, et al.*, No. 24 Civ. 1306 (VSB) (SN) (S.D.N.Y.)

Dear Judge Broderick:

      We write on behalf of Defendant Trustees of Columbia University in the City of New York in the above-referenced case to notify the Court of a recent decision that is relevant to Plaintiffs' claims under Title VI and 42 U.S.C. § 1986 (Counts I and VII, respectively), which are currently subject to a motion to dismiss that is *sub judice* before Your Honor.  ECF 60-61.

      On October 21, 2025, the United States Court of Appeals for the First Circuit affirmed a district court's dismissal of claims brought by Jewish students against the Massachusetts Institute of Technology ("MIT") arising out of MIT's allegedly insufficient response to student protests in the wake of October 7.  *Stand with Us Center for Legal Justice, et al., v. Massachusetts Institute of Technology*, 2025 WL 2962665 (1st Cir. Oct. 21, 2025).  A copy of that decision is attached.

      In dismissing the Title VI claim, the First Circuit found that much of the alleged conduct was speech protected by the First Amendment, and that the speech and conduct of the protestors was not sufficiently severe, pervasive, and objectively offensive to amount to actionable harassment or a hostile environment.  Op. at 18-41.  The First Circuit also determined that plaintiffs had failed to plausibly allege that MIT had actual knowledge of the offending conduct.  Op. at 40.  Importantly here, the First Circuit observed that while one might question whether MIT responded "quickly and decisively enough" to what was happening on its campus, the fact that MIT did in fact respond and took different actions to deal with changing circumstances on campus over time

meant that it had not been "deliberately indifferent" under Title VI. Op. at 41-46. *See also* ECF 61 at 18-27; ECF 78 at 3-13.[1]

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc: All counsel of record
     The Honorable Sarah Netburn

---

[1] With respect to 42 U.S.C. § 1986, the First Circuit held that plaintiffs had failed to plausibly allege that the student groups conspired "for the very purpose" of depriving plaintiffs of their constitutional rights. Op. at 46-52.